Argued and submitted July 28, reversed and remanded December 9, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MELODEE LYNETTE DUDLEY,
*Defendant-Appellant.*

Washington County Circuit Court
D073203M; A137482

222 P3d 709

Carolyn Bys, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals her conviction for possession of a controlled substance, assigning error to the trial court's denial of her motion to suppress. She argues that her consent to the search that yielded the evidence that she seeks to suppress was the product of an unlawful stop. The state acknowledges in its answering brief on appeal that this court will likely conclude that [defendant] was stopped and * * * that [the] stop was unlawful." At oral argument, the state recognized "that the facts of this case are strikingly similar to those in [*State v.*] *Ashbaugh*[, 225 Or App 16, 200 P3d 149 (2008), *rev allowed*, 346 Or 257 (2009)]," and acknowledged that this case "doesn't need to be remanded like this court did in *Ashbaugh* for findings on defendant's subjective beliefs." We reverse and remand.

The material facts are as follows. An officer ran a warrant check on defendant after briefly obtaining her identification card, and a different officer shortly thereafter questioned her about whether she possessed weapons or contraband. When defendant answered in the negative, he asked for her consent to search thereby indicating that he did not believe her denial. In addition, defendant testified at the suppression hearing that she did not feel free to leave when the second officer questioned her about weapons and contraband and asked for her consent to search. Following our reasoning in *Ashbaugh*, we conclude that it was objectively reasonable for defendant to believe that she was not free to leave. *See id.* at 25. In light of the state's concession, we conclude that no remand is necessary to determine defendant's subjective belief.

Because defendant's subjective belief that her liberty was restricted was objectively reasonable, we conclude that she was stopped. *See State v. Holmes*, 311 Or 400, 409-10, 813 P2d 28 (1991) (concluding that a stop occurs when an individual believes that an officer has significantly restricted his or her liberty of movement and such belief is objectively reasonable). The stop was unlawful because the officer who searched defendant lacked reasonable suspicion to believe that she had committed a crime. *See State v. Hall*, 339 Or 7,

17, 115 P3d 908 (2005) (a stop "must be justified by a reasonable suspicion of criminal activity"). Defendant's consent was the unattenuated product of that illegal police conduct, and the trial court therefore erred in denying her motion to suppress. *See id.* at 27.

Reversed and remanded.